In the Matter of the Application of CHARLES H. DUELL, Appellant, for the Review of a Decision of the BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.

Election Law — primary elections — order of printing names of candidates for delegates and members of committees on primary ballots.

The legislature, in the enactment of section 58 of chapter 891 of the Laws of 1911, failed to prescribe the position to be occupied on the primary ballots by names of candidates for delegates and alternate delegates to the national convention, although the statute provides for the selection of such delegates at the primary, and for an official primary ballot. It also prescribes the order of printing the names of certain other candidates, commencing at the top of the column and proceeding to the bottom of the list. This necessarily leaves as the only place where names of delegates to the national convention can be printed, the foot of the ballot at the end of the list as fixed by the statute.

*Matter of Duell* v. *Bd. of Elections*, 149 App. Div. 690, reversed.

(Argued March 20, 1912; decided March 21, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 15, 1912, which affirmed an order of Special Term denying an application for the review of a determination of the board of elections of the city of New York fixing the order of candidates on the Republican primary ballot.

The facts, so far as material, are stated in the opinion.

*William M. Bennett* for appellant.    The intent of the Primary Law is that the names of candidates for delegates to the national convention should head the ticket. (L. 1911, ch. 891, § 58.)

*Archibald R. Watson, Corporation Counsel (Terence Farley* of counsel), for respondent.    Neither section 53 of the Election Law, as amended by chapter 4 of the Laws of 1912, nor section 58 confers any right upon any candidate for election as delegate to a national convention to have his name printed in any particular place upon the primary ballot. (*Enders* v. *Friday,* 111 N. W. Rep. 140.)

HISCOCK, J.    The board of elections of the city of New York heretofore adopted the following order to be observed in printing on the Republican ballots, to be used at the primaries in the city of New York, March 26th next, the names of those who were candidates for selection at said primaries, to wit:

Congressional committee,
Delegates and alternates to state conventions,
Member of state committee,
County committee,
Delegates and alternates to national convention.
Executive committee.
Borough committee.
Aldermanic committee.
Municipal Court district committee.

The petitioner, as an enrolled voter in said city and as chairman of the Roosevelt committee of the city of New York, made application to the Supreme Court for an order reviewing said decision and purpose of said board of elections and requiring it to print the names of candidates in the following order, namely:

Delegates to national convention,

Alternates to national convention,

Delegates to state convention,

Alternates to state convention,

Members of county committee,

and thereafter the various other committees as determined by the board of elections.

This application has been denied except in so far as it requires that the names of candidates for selection as a congressional committee shall be printed after the names of candidates for selection as a county committee.

We are confronted with a clear case of statutory incompleteness. The legislature has failed to prescribe the position to be occupied on the primary ballot by names of candidates for selection as delegates and alternate delegates to the national convention. The statute provides for the selection of such delegates at the coming primary and, also under the circumstances now existing, for the selection of state delegates and of members of various committees. It provides for an official primary ballot, and explicitly prescribes the order in which the names of candidates for selection as state delegates and the various committees shall be printed on said ballot. The provision on this subject is as follows:

"The portion of such ballot below such horizontal black line (previously described) shall be divided into columns by lighter black lines. The titles of the different offices for which candidates are to be nominated, or party positions to be filled, shall be arranged in such columns in the following order, from top to bottom: Justice of the supreme court, representative in con-

6

gress, state senator, member of assembly, county and city officers in the order in which they respectively will appear upon the official ballot at a general election, delegates to state convention, member of state committee, member of county committee, and other committees in such order as the custodian of primary records shall determine." (L. 1911, ch. 891, sec. 58.) None of the public officers mentioned are to be selected at the primaries in question.

A perusal of this provision at once discloses that no position is specified as that to be occupied by names of candidates for selection as national delegates.

It is urged that the final paragraph in section 58 which provides that "all ballots shall be substantially in the following form" (a sample of the familiar official ballot being attached at this point), indicates that the names of candidates for selection as delegates to various conventions are to be grouped together on the ballot, and that this supplies the omission in the preceding portion of the same section. We recognize of course the argument of propriety in favor of placing together in the same section of the ballot the names of candidates for selection as delegates to various conventions. We do not, however, believe that this construction can be given to this language. The paragraph, including the words last quoted, deals with the general typographical arrangement, indorsement of, and various directions and numbers to be placed on the ballot, and, in our opinion, is not to be construed as dealing with and overthrowing the order prescribed in the preceding paragraph of the same section for printing the names of candidates.

We thus have it that delegates to the national convention, delegates to the state convention, and members of various committees are to be selected at the primary, and that an official ballot is to be prepared for use at such primary; that the statute has specified the order in which certain names must be printed on the ballot, and has

failed to provide a place for national delegates. Under these circumstances, endeavoring to supply the omission of the legislature as best we can, a majority of the court believe that we should direct the names of candidates for selection as national delegates and alternates to be printed on the ballot, but in such a way as not to interfere with the order prescribed by the legislature so far as the provision goes. That provision prescribes the order of printing the names of certain candidates commencing at the top of the column and proceeding to the bottom of the list. We think it is a violation of the statute to insert the names of candidates for selection as national delegates in the midst of the list as has been done. We think it also would be at variance with the statute to prescribe that their names should be printed at the top of the list, for the statute prescribes the order from "top to bottom." This necessarily leaves as the only place where such names can be printed, the foot of the ballot at the end of the list as fixed by the statute.

The order appealed from should be reversed and the respondent directed to print the names of such proposed delegates and alternates at the bottom of the primary ballot instead of in the order adopted by its resolution.

HAIGHT and VANN, JJ. We dissent and vote for affirmance.

The statute having failed to provide the place upon the primary ballot where the names of candidates for delegates to the national convention shall be placed, it became the duty of the board of elections to determine such place, and such board having, in its discretion, entered the names of such delegates after the members of the county committee, such discretion is not reviewable in this court.

CHASE, J. I dissent, but am of the opinion that section 58 of the Election Law should be construed to mean

that the names to be placed upon the primary ballot should appear thereon in three classes, namely:

1. Candidates for specific offices;
2. Delegates to conventions;
3. Members of committees.

The discretion of the custodian of primary records should be confined to the arrangement of the names for delegates or of certain committees. In the present case, as there are no candidates for specific offices, the names for delegates to conventions should first appear and be followed by the names for members of committees.

I think the order should be modified accordingly.

CULLEN, Ch. J., WILLARD BARTLETT and COLLIN, JJ., concur with HISCOCK, J. ; HAIGHT and VANN, JJ., dissent in memorandum and vote for affirmance; CHASE, J., reads memorandum for modification.

Order reversed, etc.